RECORD NO. 13-4737

IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

### UNITED STATES OF AMERICA

*Plaintiff-Appellee,*

v.

### DEBORAH LEE TIPTON,

*Defendant-Appellant.*

_____

OPENING BRIEF OF APPELLANT
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA AT ASHEVILLE

Frank B. Jackson
F. B. JACKSON & ASSOCIATES
  LAW FIRM, PLLC
422 North Church Street
Hendersonville, North Carolina 28792
(828) 697-5410 (Telephone)
ptjj_j@bellsouth.net

Pro Bono Counsel for Appellant

## TABLE OF CONTENTS

**Table of Authorities** …………………………………………………………iv

**Statement of Subject Matter and Appellate Jurisdiction** ………….……….1

**Statement of Issues Presented for Review** …………………………………1

**Statement of the Case** ………………………………………………….....3

**Statement of Facts** …………………………………………………….....5

    A. Background on Defendant/Appellant………………………….....5

    B. The Video………………………………………………………….6

    C. Federal Charges……………………………………………………7

    D. Plea Bargain………………………………………………………..7

    E. Sentencing…………………………………………………………8

**Summaryof Argument**………………………………………………………8

**Argument**…………………………………………………………..…10

   I. Standard of Review

    A. Issue IA and 1B, Breach of Plea Agreement – "De Novo"……………10

    B. Issue 1B – "Causation"……………………………………………18

    C. Issue II – "Prosecutorial Misconduct – Failure to Provide Discovery….19

    D. Issue III – "Prosecutorial Misconduct – Manufacture of Motive"…........20

    E. Issue IV – "Prosecutorial Misconduct – Lack of Evidence"……………22

i

F. Issue V – "Evidence"……………………………………………………..26

G. Issue VI – "Sentence"…………………………………………………….29

## II. Discussion of Issues

A. Did the Prosecution engage in prejudicial misconduct by placing emphasis in her presentation to the court of a violation of 18 USC 2251,a charge that was to be dismissed by the government pursuant to a plea

B. Did the Prosecution engage in prejudicial misconduct by reading into the record a "so-called" transcript of words alleged to have been spoken by the Defendant, including the words "alright enjoy" and implying that these words were addressed to the co-defendant Hamby?

C. Did the Prosecution engage in prejudicial misconduct in making before the court an argument that is no where supported by evidence in order to manufacture a motive for Defendant to have allegedly violated 18 USC 2251(a), 18 USC 2252(a)(1), 18 USC 2252(b) and Section 2, and 18 USC 2252(a)(4)(B) and (b)?

D. Did the Prosecution waive the right to enforce the provisions of paragraphs 18, 19, and 20 (pages 6 & 9) of the Plea Agreement of September 19, 2012 by engaging in conduct in violation of the spirit and letter of the Plea Agreement.

E. Did the Prosecution commit misconduct in insisting that the court review the subject video without giving prior notice of same considering that Defense counsel had only been allowed to view subject video one time (a year prior) to the sentencing date and was not given a copy to compare with the video played to the judge?

F. Did the Court err by in effect sentencing the Defendant for a violation of a crime (in the Court's words, a production case) for which she had not pled guilty, been found guilty or pled "nolo contender" and which in fact was dismissed?

**Conclusion and Request for Relief**……………………………………………..31

**Certificate of Compliance**…………………………………………………………32

**Certificate of Service**………………………………………………………………33

## TABLE OF AUTHORITIES

**CASES**

*DePierre v. United States,*
    *131 S. Ct. 2225; 180 L. Ed. 2d 114; 2011 LEXIS 4374 (2011)…….…...…….16*

*Digital Equipment Corp. v. Desktop Direct, Inc.,*
    *511 U.S. 863; 114 S. Ct. 1992; 128 L. Ed. 2d 842 (1994)……..…..…….…15*

*Erlenbaugh v. United States,*
    *409 U. S. 239; 93 S. Ct. 477; 34 L. Ed. 2d 446…….…….…….…….…….17*

*Gall v. United States*
    *553 U. S. 38; 128 S. Ct. 586; 169 L.ED. 2d 445 (2007)……..……..…..….30*

*General Trucking Company v. Westmoreland Coal Company,*
    *1992 U.S. App. LEXIS 300853 (4th Cir. 1992)……..…….……..……..….22*

*Gregory v. Forest River, Inc.,*
    *369 Fed Appx. 464; 2010 U. S. App. LEXIS 5089 (unpublished)…..……...17*

*Johnny Lynn Old Chief v. United States,*
     *519 U. S. 172; 117 S. Ct. 644; 136 L. Ed. 2d 574 (1977)…………………..26, 27*

*Kern v. TXO Prod. Corp.,*
     *738 F. 2d 968 (8th Cir. 1984)…………………………………………………....22*

*Napue v. Illinois,*
     *360 U. S. 264 (1959)……………………………………………………………....24*

*Puckett v. United States,*
     *556 U.S. 129; 129 S. Ct. 1423; 173 L. Ed. 2d 294 (1986)……………….11, 15*

*Reed v. Olsen,*
     *2012 N.C. App. LEXIS 1336 (December 4, 2012)………………………………29*

*Rita v. U.S.*
     *127 S. Ct. 2463 (2007)………………………………………………………………29*

*Santobello v. New York,*
     *404 U.S. 257; 92 S. Ct. 495; 20 L. Ed. 2d 427 (1971)…………………….15, 19*

*United States v. Anderson*
     *533 F. 3d 623 (8th Cir. 2008)………………………………………………..……30*

*United States v. Autery,*
     *555 F. 3d 864 (9th Cir. 2009)…………………………………………..…… 5, 29*

*United States v. Bagley,*
     *473 U.S. 667; 105 S. Ct. 3375; 87 L. Ed. 481 (1985)…………………………26*

*United States v. Broncheau,*
     *645 F. 3d 676; 2011 U.S. App. LEXIS 10699………………………………….17*

*United States v. Carin,*
　　*1980 U. S. App. LEXIS 21757……………………………………………..……12*

*United States v. Carter,*
　　*454 F.2d 426, 1972, U.S. App. LEXIS 11600 (4ᵗʰ Cir. Va. 1972)…….…....9,18*

*United States v. Coleman,*
　　*370 F. Supp. 2d 661 (S.D. Ohio, 2005)………………………………………30*

*U.S. v. Conaster,*
　　*514 F. Ed. 508, 521 (6ᵗʰ Cir. 2008)…………………………………………...29*

*United States v. Cooper,*
　　*70 F. 3d 563 (10ᵗʰ Cir. 1995)…………………………………………………18*

*United States v. Dawson,*
　　*587 F. 3d 640 (4ᵗʰ Cir. 2009)……………………………...…………………14, 15, 19*

*United States v. Dewitt,*
　　*366 F. 3d 667 (8ᵗʰ Cir. 2004)……………………………………………...…..19*

*United States of America v. Fisher,*
　　*711 F. 3d 460; 2013 U. S. App. LEXIS 6465 (2013)……………………….....24*

*United States v. Michael Lee Harvey,*
　　*791 F. 2d 294 (1986)……………………………..…………………………. 11*

*United States v. Hawley,*
　　*93 F. 3d 682 (1996)……………………………………………………..…….18*

*United States of America v. Horton,*
　　*693 F. 3d 463; 2012 U.S. App. LEXIS 18423……………………………….....31*

v

*United States v. Huckins,*
     *529 F. 3d 1312 (10 Cir. 2008)*…………………………………………..….5, 29

*United States of America v. Lewis,*
     *633 F. 3d 262; 2011 U.S. App. LEXIS 2040*………………………….....15, 19

*United States v. Lovasco,*
     *431 U. S. 783 (1977)*……………………………………………………....26

*United States v. McQueen,*
     *108 F. 3d 64 (4th Cir. 1996)*……………..…………………………….……14

*United States v. Mosley,*
     *505 F. 3d 804 (8th Cir. 2007)*……………………..…………..…………....19

*United States v. Munoz-Nava,*
     *514 F. 3d 1127 (10th Cir. 2008)*…………………………………….……...29

*United States v. Pugh,*
     *515 F. 3d 1179 (11 Cir. 2008)*……………………………….…………....5, 29

*United States v. Ranuum,*
     *353 F. Supp. 2d 984, 986 (E.D. Wisc. 2005)*…………………….………30

*United States v. Rodriquez,*
     *553 U.S. 377; 128 S. Ct. 1783; 170 L. Ed. 2d 719 (2008)*………….…15, 16

*United States v. Schroeder,*
     *536 F. 3d. 746 (7th Cir. 2008)*……………………………………..….…29

*United States v. Young,*
     *470 U. S. 1; 105 S. Ct. 1038; 84 L. Ed. 2d 1 (1985)*……………..…… 25

*Westmoreland Coal Company v. Sharpe,*
    *692 F. 3d 317; 2012 U. S. App. LEXIS 17484…………………………………21*

## RULES, STATUTES AND OTHER AUTHORITIES

18 U.S.C. 2251(a)…………………………..……1, 3, 4, 7, 8, 9, 11, 13, 16, 17

18 U.S.C. 2252(2)(1)……………………………. 1, 3, 7, 8, 9, 11, 13, 16, 17

18 U.S.C. 2252(b) AND Section 2…………………… 1, 3, 7, 8, 9, 11, 13, 16, 17

18 U.S.C. 2256(2)……………………………….  1, 3, 7, 8, 9, 11, 13, 16, 17

18 U.S.C. 2252 (a)(4)(B)……………………….. 1, 3, 7, 8, 9, 11, 13, 16, 17

18 U.S.C. 2259…………………………………………………….…23

## STATEMENT OF SUBJECT MATTER AND JURISDICTION

This is a case of prosecutorial misconduct and abuse of discretion by the District Court in sentencing the Defendant based upon a plea agreement dated September 19, 2012, *see* JA33, whereby the Defendant was then sentenced in conflict with the accepted plea agreement on September 18, 2013, JA179.

Subject Matter Jurisdiction is established in the Western District of North Carolina arising from Indictments under Sections 18 U.S.C. 2251(a), 18 U.S.C. 2252(a)(1), 18 U.S.C. 2252(b) and Section 2 and 18 U.S.C. 2252(a)(4)(B) and (b) before the presiding judge pursuant to Rule 18 of the Federal Rules of Criminal Procedure.  Notice of Appeal was timely filed in accordance with Rules 1, 3 and 4(B) of the Federal Rules of Appellate Procedure to the sentence imposed against the Appellant. (JA190)

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

This appeal presents six discrete issues:

1.  Did the Prosecution engage in prejudicial misconduct by placing overwhelming emphasis in her presentation to the court of a violation of 18 USC 2251,a charge that was to be dismissed by the government pursuant to the plea agreement of September 19, 2012?

2.  Did the Prosecution engage in prejudicial misconduct by reading into the

record a "so-called" transcript of words alleged to have been spoken by the Defendant, including the words "alright enjoy" and implying that these words were addressed to the co-defendant Hamby?

3.  Did the Prosecution engage in prejudicial misconduct by manufacturing a motive for Defendant's having transmitted the video when the prosecution's own evidence indicated that the Defendant's relationship with Hamby diminished <u>after</u>, not before, she sent the video?

4.  Did the Prosecution engage in prosecutorial misconduct by (1) making arguments of lifelong harm to the minor child which are no where supported by evidence, but in fact are contradicted by expert testimony and (2) misrepresenting to the Court that the conduct for which the Defendant pleaded guilty had taken place over a seven year period?

5.  Did the Prosecution commit misconduct by introducing into evidence, over objection, video tape(s), not having reasonable grounds to verify accuracy of same and knowing that the tapes could not be authenticated?

6.  Did the Court abuse it's discretion by completely ignoring un-contradicted factors that warranted advisory guideline downward departures set out in paragraphs 102 and 103 of the Probation Officer in his Revised Presentencing Report of July 30, 2013?

## STATEMENT OF THE CASE

This case involved the sentencing hearing of the Defendant who had been initially charged with the following three counts in a Bill of Indictment dated April 4, 2012:  Violation of 18 U.S.C. 2251(a), 18 U.S.C. 2252(a)(1), 2252(b), and Section 2, and 18 U.S.C. 2252(a)(4)(B) and (b).  JA18.  On September 18, 2012, the Defendant, who was a special education teacher at The Mountain Community School, entered into a plea agreement pleading guilty to 18 U.S.C. 2252(a)(1), 2252(b) and Section 2 and 18 U.S.C. 2252(a)(4)(B) and (b) on condition that the Government dismiss the more serious charge of a violation of 18 U.S.C. 2251(a). JA33.  Rule 11 Inquiry and Order of Acceptance of the plea agreement was signed by The Honorable Judge Dennis Howell on September 19, 2012.  JA71.

The Defendant had been involved in an affair with her principal, Chadwick Hamby for several years.  JA198.  Defendant was in the middle of a domestic case with her husband, Joel Tipton, involving custody of the couples two daughters. JA230.  In order to obtain evidence against the Defendant, Joel Tipton in violation of 18 U.S.C. 1030, and 18 U.S.C. 2701 hacked into the Defendant's computer and computer account and found short videos of the couple's eleven year old daughter in the shower.  JA231.  The video depicted the child standing in the shower and showed her genitalia, however the child was not touched, was not involved in any sex act nor emulation of a sex act.  JA197.  Mother and daughter both gave

statements to the effect that the purpose of the video was to be used by mother to explain to daughter such matters as where a tampon was to be placed. JA230. In their statements both mother and daughter indicated that after reviewing the video it was deleted. JA231.

Hamby, on the other hand an admitted pedophile, who was angling for a deal with the government told authorities that he had asked the Defendant to send him the video. JA226. To this day, the actual video has never been recovered from any device used by the Defendant or Hamby, though a video was produced or reproduced by the FBI and shown to the Trial Court at the Sentencing Hearing held on September 18, 2013. JA91.

At the sentencing hearing the prosecution proceeded against the Defendant as if she had pleaded or been found guilty of violation of 18 U.S.C. 2251(a), stating to the Court that the conduct which the Defendant had pleaded guilty to and to which she had not pleaded guilty or been found guilty had been going on for seven years. JA145. The government's entire emphasis in the sentencing hearing was slanted toward a violation of 18 U.S.C. 2251(a), the very charge the government was obligated to dismiss. To show "scienter", the prosecutor represented to the Court that the Defendant betrayed her daughter by producing and transmitting the video in order to retain the affections of Hamby, which representations were patently false and contrary to the government's own evidence. JA112.

4

Despite the Defendant having no criminal record, having lived to the age of 43 without committing a single crime, having been a good and contributing member of society for her entire adult life (JA225), having been found by two psychologists and one psychiatrist not to be a pedophile (JA260, JA272 and JA288) had no chance of recidivism JA294 and was needed in the home by her daughters (JA277 and JA287), all such factors having been ignored by the Court, except her lack of criminal record, on September 18, 2013, the district court judge sentenced the Defendant to eighteen years in Prison.  JA162.  See *United States v. Autery, 555 F. 3d 864 (9th Cir. 2009)* and *United States v. Huckins, 529 F. 3d 1312 (10th Cir. 2008)* and *United States v. Pugh, 515 F. 3d 1179 (11th Cir. 2008).*

This appeal followed.  Notice of Appeal was filed on October 1, 2013. JA191.

## STATEMENT OF FACTS

### A. Background on Deborah Lee Tipton

Deborah Tipton graduated from the University of NY with a degree in sports medicine, physical education and adult fitness.  JA206.  Afterward she attended Ball State University and studied exercise physiology.  JA206.

In 1992 she married Joel Tipton in Florida.  JA 206.  Deborah went back to school receiving a Master of Arts Degree in teaching.  JA206.

Deborah started working at the Mountain Community School in the fall of

2005. JA206. Deborah Tipton and Chad Hamby had an affair over a seven year period. JA198. Hamby's interest revolved around fantasy sexual encounters and role play. Many of his fantasies involved girls between the ages of 13 and 15 years old, rape and bondage scenarios. He admitted to having an addiction to viewing pornography on Limewire in his Sheriff's investigation interviews in the criminal case and in deposition in the <u>Tipton</u> v. <u>Tipton</u> domestic case. However, he never acted on his fantasies. JA198.

Deborah Tipton had no prior criminal record. JA225. She was examined by two psychologists and one psychiatrist and found not to be a pedophile. JA260. She was also found to have no chance of recidivism. JA294.

**B. The Video**

The daughter of Deborah and Joel Tipton was 11 years old at the time of the taking of the video. JA197. She was entering puberty and curious about the changes in her body. The minor had on occasion asked her mother for advice about shaving, starting her period and tampons. This curiosity led to the mother, at the daughter's request videoing the genitalia of the daughter to "show her where a tampon would go" as well as videoing the daughter shaving her underarm area. JA230. After making the video, the mother and daughter watched the video, then deleted the video and the mother gave the daughter a tampon to inspect. Both

mother and daughter thought they had deleted the video. The video did not contain a sex act, a simulated sex act or a suggestive sex act. JA231.

In January, 2012 Joel Tipton filed for child custody, child support, attorney fees and other domestic relief, although he and Deborah were both still living in the same house with the children.

On February 18, 2012, Joel Tipton hacked into Deborah's email. This time he "found" the video of the minor child in her email. He made multiple copies of the video, and on February 21, 2012 he took one to his attorney and one to his therapist who called DSS which in turn notified the Sheriff's Department. JA231.

### C. Federal Charges

Deborah was indicted on Federal charges on April 4, 2012 and arrested on April 13, 2012. Federal charges were: 18 USC § 2251(a), 18 USC § 2252(a)(1), 18 USC § 2252(b) and Section 2, 18 USC § 2256(2) and 18 USC § 2252(a)(4)(B) and (b).

### D. The Plea Agreement

On September 19, 2012 Deborah Tipton pleaded guilty to 18 USC §2252(a)(1), 18 USC § 2252(b) and Section 2, 18 USC §2256(2) and 18 USC § 2252(a)(4)(B) and (b). JA45. As part of the plea agreement, the government was to dismiss the more serious charge of 18 U.S.C. 2251(a). JA175.

7

### E. Sentencing

Deborah Tipton's sentencing hearing followed Hamby's hearing. Deborah was sentenced to 216 months. JA 162. Her sentence was based on the judge classifying her crimes as a "production" case, even though the production charge was dismissed pursuant to her plea agreement. JA163.

### SUMMARY OF ARGUMENT

The District Court below made seven errors warranting the remand and resentencing of the Appellant.

First, the Plea Agreement between the US Attorney's Office and the Defendant of September 19, 2012, was breached by the Prosecutor when after bargaining for the Defendant's guilty plea to 18 USC 2252(a)(1), 2252(b) and Section II (herein-after "transmission") and 18 USC 2252(a)(4)(B) (hereinafter "possession") upon the promise to dismiss the more serious indictment of a violation of 18 USC 2251(a) and to take it off the table, proceeded to in effect present the sentencing hearing as a "production" case under the charge it was supposed to take off the table.

The action of the Prosecutor was not only a breach of the plea agreement but also constitutes prosecutorial misconduct. The aforesaid conduct constitutes prosecutorial misconduct in that the prosecution failed to fulfill the terms of it's

plea agreement, a factor the Court should not ignore. *United States of America v Carter*, *454 F.2d 426  (1972)*.

The aforesaid conduct clearly caused the trial Court , in effect, to sentence the Defendant under 18 U.S.C. 2251(a) and not for violation of 18 U.S. C. 2252 for which she pled guilty

Second, the Prosecutor engaged in prosecutorial misconduct when a transcript of a dialogue between the minor child and the Defendant was given to defense counsel on the morning of the sentencing hearing immediately before being introduced by the government in violation of paragraph 1 of the Standard Discovery Order of April 16, 2012 and in contradiction to responses to discovery requests made by Defendant on May 23, 2012.  The transcript was used to reinforce the government's strategy to present the case to the trial court as a "production case".  The untimely production of this document deprived the Defendant of effective assistance of counsel in violation of her Sixth Amendment rights.

Third, the Prosecutor engaged in misconduct by manufacturing a motive for the Appellant's  having transmitted the video when the prosecution's  own evidence indicated that the Appellant's relationship with Hamby diminished after, not before, she sent the video.

Fourth, the Prosecutor engaged in misconduct by (1) making arguments of

9

lifelong harm to the minor child which are no where supported by evidence, but in fact contradict expert testimony and (2) misrepresenting to the Court that the conduct for which the Defendant pleaded guilty had taken place over a seven year period.

Fifth,  the Prosecutor engaged in misconduct by introducing into evidence over objection video tapes, not having reasonable grounds to verify accuracy of same and knowing that the tapes could not be authenticated.  (These same tapes were shown to the Court after Defendant had entered her guilty plea to the two counts she was obligated under her plea bargain, the only motive that can be attributed to the prosecution was to gain a tactical advantage of enflaming the Court against the Defendant.)

Sixth, the  actions of the Prosecutor caused the Court to abuse its discretion by completely ignoring the findings  "103" by the Probation Officer in his Amended Presentence Report of July 30, 2013.

**ISSUES 1A AND 1B, Breach of Plea Agreement**

**ARGUMENT**

**STANDARD OF REVIEW "DE NOVO"**

**I-A: Breach of Plea Agreement**

The action of the Prosecutor's office was a breach of both the letter and spirit of the plea agreement, hence the Defendant should no longer be bound to the waivers of important rights which was part of the Plea Agreement, under principles of contract law. *United States v Michael Lee Harvey, 791 F.2d 294 (1986).* See also *Puckett v. United States, 556 U.S. 129, 129 S. Ct. 1423, 173 L. Ed. 2d 266 (2009).* The Defendant was actually harmed by this breach, as the trial court stated in open court that this is a "production case" and by imposing a sentence on the Defendant which was more comparable to sentences under 18 USC 2251(a) than the charges for which she had plead guilty.

Pursuant to the Plea Agreement in question the Defendant entered pleas of guilty to one count each of a violation of 18 U.S.C. 2252(A)(1), 2252(b) and Section 2 (hereinafter referred to as "transmission") and 18 U.S.C. 2256(2) (hereinafter referred to as ("possession"). The government in turn was to dismiss the more serious count of a violation of 18 U.S. C. 2251(a)(hereinafter "production"). The Court is referred to the transcript of the sentencing hearing, JA58, specifically the representations of Assistant United States Attorney, Thornloe, that:

> "If the Court finds the defendant's plea to be voluntary and knowingly made, and accepts the plea, then the United States will move at the appropriate time to dismiss Count One as to this defendant in the Bill of Indictment."

11

The Defendant duly entered her guilty plea to the two counts referenced

above at the September 19, 2012 Session of the United States District Court before

the Magistrate Judge and reaffirmed her plea before the Trial Court at the

sentencing hearing of September 18, 2013.   After entering her pleas to the counts

of "transmission" and "possession" as called for in the Plea Agreement the

government for all intensive purposes tried her for the "production" count that was

to be dismissed, a count for which she had neither pled guilty nor had been found

guilty, all in violation of the plea agreement.  In plea negotiation the government is

held to a standard of scrupulous fairness.  *United States v. Carin, 1980 US App.*

*LEXIS 21757.*  The following representations and statements were made to the trial

court by Assistant US Attorney Cortney Randall  at the sentencing hearing:

> "And with regard to other child pornography cases.  You're Honor, I'm
> not sure exactly what sentence they're asking for. They're just seeking a
> variance. But if you look at other child pornography cases in this case
> where someone <u>produced</u> a video or an image, as reflected in the sentencing
> memorandum the lowest sentence I found was 168 months and they go all
> the way up to 37 years.  I know Your Honor has sentenced multiple people
> who <u>produced</u> child pornography, some in very similar cases to Ms. Tipton,
> some worse and some not as bad.  Mr. Tillman, I know, got 37 years. Mr.
> Barrel, I believe, got 28 years, Your Honor. So the sentence we are seeking
> is within the heartland of what she did." (JA155) (Emphasis Added)
>
> Your Honor's had a chance to review the video that's at issue. This is
> not an anatomical video. It's not an educational video. It is a video produced
> by a woman hoping to sexually excite the man she had engaged in a seven-
> year relationship with. There are innocent bathtub pictures of children that
> exist; this is not one of them. It's child pornography. I know the defense
> objects to me calling it "child pornography," but child pornography is

defined as a visual depiction of a minor engaging in sexually explicit conduct, which is what she pled guilty to Your Honor.

Why did she do this? <u>Why did she initiate this</u>? <u>Why did she film this</u>? Why did she distribute it? Because she wanted to please the man that she was engaging in a sexual relationship with. She got sexual gratification out of that, Your Honor. (JA145) (Emphasis Added).

As further evidence of the prosecutor's attempt to try the Defendant on an adjudication of guilt under 18 U.S.C. 2251(a) rather than the crimes for which she had been found guilty of committing, the Prosecutor cited to the court two cases, recently tried in the Western District. In <u>United States</u> v. <u>Berrell</u>, <u>(Docket No. 1:10 CR 20),</u><u>Berrell</u> was indicted and pleaded guilty to one count of violating 18 U.S. C. 2251(a). In <u>United States</u> v. <u>Tillman</u>, <u>(Docket No.: 1:09 CR 102-R)</u> the Defendant was charged under three counts of violating 18 U.S.C. 2251(a) and one count of violating 18 U.S.C. 2252(a)(4)(B). Both men received lengthy prison sentences.

If the Prosecutor was not trying to improperly influence the Court to sentence the Defendant under 18 U.S. C. 2251(a) why would she have cited the *Berrell* case to the trial court?

In *Tillman*, the counts under 18 U.S. C. 2251(a) accounted for more than eighty percent (80%) of Tillman's total sentence of 444 months. The sentence under 18 U.S.C. 2252 accounted for only 84 months. In her opening statement, the Prosecutor asked for a sentence of 240 months. Obviously *Tillman* was not cited

13

to the Court to support a lengthy prison sentence under the counts to which this Defendant pleaded guilty.

Little or no emphasis was placed by the prosecution, on the counts of possession or transmission for which Defendant had entered guilty pleas.

In reviewing alleged violations of plea agreements, special scrutiny must be given to the government's conduct in fulfilling it's end of the bargain, in the words of the late Judge Russell, *United States v. McQueen, 108 F. 3d 64 (4th Cir. 1996)*:

> "Because a Defendant's fundamental and constitutional rights are implicated when he is induced to plead guilty by reason of a plea agreement, analysis of the plea agreement or breach thereof is conducted with greater scrutiny than in a commercial contract." *United States v. McQueen, 108 F. 3d 64 (4th Cir., 1996).*

It is respectfully submitted that the government's actions and conduct constituted not only a breach of the plea agreement but also prosecutorial misconduct as contemplated in *United States v. Dawson , 587 F. 3d 640; 2011 U.S. App. LEXIS 2040 (4th Cir. 2011).*

As set out under standard of review plea agreements and the government's obligation to follow the letter and spirit of the agreement are sacrosanct and are subject to "de novo" review.

A plea agreement is essentially a contract between the accused and the government. *Puckett v. United States, 556 U.S. 129, 129 S. Ct. 1423, 173 L.Ed 2d. 266 (2009).* As a result the interpretation of a plea agreement is rooted in contract

14

law . . . and each party should receive the benefit of it's bargain. *United States v. Dawson, 587 F. 3d 640 (4th Cir. 2009).* When a plea rests in any significant degree on the promise of a prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. *Santobello v. New York, 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d. 427 (1971).* A defendant entering into a plea agreement with the government undertakes to waive certain fundamental constitutional rights; because of that waiver, the government is required to MEET THE MOST METICULOUS STANDARDS OF BOTH PROMISE AND PERFORMANCE (Emphasis added). *United State of America v. Lewis, 633 F. 3d 262, 2011 U.S. App. LEXIS 2040.*

It is a rule of statutory construction that statutes should be interpreted in harmony even though they may contain similar words *Digital Equipment Corp. v. Desktop Direct, Inc., 511 U.S. 863; 114 S. Ct. 1992; 128 L. Ed. 2d 842 (1994).* These words should be construed as to provide for separate and distinct crimes which provide for different punishments. The words must also be construed as faithfully as possible to the statutes actual text. *United States v. Rodriquez, 553 U.S. 377, 128 S. Ct. 1783, 170 L. Ed 2d 719 (2008).* See also *DePierre v. United States, 131 S. Ct. 2225; 180 L. Ed. 2d 114, 2011 LEXIS 4374 (2011).*

In the case at bar, the most serious count, a violation of 18 U.S.C. 2251(a) addresses the production of child pornography. This count numbered Count One

15

in the bill of indictment was to be dismissed and taken off the table in exchange for

the Defendant' guilty pleas to Count Two "transmission" of child pornography

already produced and Count Three "possession" of child pornography. (Emphasis

Added).

The operative words in 18 U.S.C. 2251(a) are ". . . did employ . . . a minor to

engage in sexually explicit conduct for the purpose of  PRODUCING a visual

depiction of such conduct . . . "(emphasis added).

In contrast, the operative words in 18 U.S.C. 2252(a)(1), 2252(b) and

Section 2, are "did knowingly TRANSPORT visual depictions, using the internet .

. . and the production of such visual depictions involved the use of a minor

engaging in sexually explicit conduct . . . " (emphasis added).  The operative words

in 18 U.S.C. 2256(2) are "did knowingly POSSESS one or more matters, which

contained any visual depiction that had been mailed . . . which was the production

of which involved the use of a minor engaging . . .

Both 18 U.S.C. 2251 and 18 U.S.C. 2252 were enacted by Congress at the

same time in 1978.  The application of "in pari materia" is not deviated from when

the statutes are enacted by the same legislative body at the same time.  *Erlenbaugh*

*v. Unites States, 409 U.S. 239; 93 S. Ct. 477; 34 L. Ed. 2d 446.*  See also *United*

*States of America v. Broncheau, 645 F. 3d 676; 2011 U. S. App. LEXIS 10699.*

16

As to the issue of statutory construction of 18 U.S.C. 2251(a) and 18 U.S.C. 2252 (a)(1) and 18 U.S.C. 2252(b) and Section 2, the Defendant contends that "the rule of "in pari materia" means that statutes which relate to the same subject matter should be read and applied together so that the legislature's intention can be gathered from the whole of the enactments. *Gregory v. Forest River, Inc., 369 Fed Appx. 464; 2010 U.S. App. LEXIS 5089 (unpublished)*

In order to read these statutes in harmony, it is necessary to limit the scope of 18 U.S.C. 2251 to the crime of actually producing the video for criminal purposes. Whereas 18 U.S.C. 2252 must be read to make unlawful and punish the conduct of transporting (transmitting) child pornography over the internet, no matter what person or organization actually produced (created) the subject video.

To construe these statutes differently such that both are aimed at production, then the same conduct would be punishable under two different statutes with different elements and different sentencing structures.

The action of the prosecutor was not only a breach of the plea agreement but also constitutes prosecutorial misconduct.

The prosecution's failure to fulfill the terms of it's plea agreement is not a factor the Court can ignore. *United States of America v Carter , 454 F.2d 426 (1972)*.

**II Causation.**

17

The aforesaid misconduct of the prosecutor had it's impact on the trial court as in the trial courts own words:

> "With these cases I see the statutory scheme largely broken down into three categories or three brackets:   The possession offenses which are bracketed for sentences of zero to ten years, the transmission offenses that are bracketed for sentences of five to 20 years, and the production offenses which are bracketed for sentences of 15 to 30 years. <u>I think it is clear that this falls in that third category, that being a production offense.</u>  (Emphasis Added).
>
> The argument has been made here that there is a disparity between the sentence being sought by the government and what has been provided by the Court here in this case versus what Mr. Hamby received. However, <u>I believe that the facts here are that this is a production offense.</u>   Whereas, I don't believe that the evidence supported a production offense in Mr. Hamby's case.  Not to excuse his conduct -- he got a lengthy sentence, too -- but his was not a production offense and <u>this one is</u>.(Emphasis Added)."

Some examples of the "end around" ploy by the prosecution are found in *United States v. Hawley, 93 F. 3d 682 (1996)*.  The prosecution cannot agree to one thing and then contradict that very thing.

In *United States v. Cooper, 70 F. 3d 563 (10th Cir. (1995))*, the Court held that "When plea agreements are made with the full knowledge of the facts at hand" those agreements must be adhered to by the government in order to maintain the integrity of the plea agreement, the government cannot rely upon a rigidly literal construction of the language of the agreement, nor may it accomplish through indirect means what it promised not to do directly.  Other cases which address this

problem are: _Santibello, supra, United States v. Mosley, 505 F. 3d 804 (8th Cir. 2007) and United States v. Dewitt 366 F 3d 667 (8th Cir. 2004)._

When a claim of breach of a plea agreement has been preserved, "we receive the district court's factual findings for clear error and its application of principles of contract interpretation de novo." _United States of America v. Lorenzo Martez Lewis, 633 F. 3d 262; 2011 U.S. App. LEXIS 2040 (4th Cir. 2011)._  See also, _United States v. Dawson, 587 F. 3d 640, 645 (4th Cir. 2009)._

## ISSUE II -Prosecutorial Misconduct – Failure to provide discovery

## ARGUMENT

## STANDARD OF REVIEW: ABUSE OF DISCRETION

Where ever the subject video came from, an audio transcript was made of a purported dialogue between mother and daughter during the filming.  This audio transcript though production was required under paragraph 1 of the Standard Discovery Order and specifically requested by the Defendant, was not made available to the Defendant's attorney until the morning of the hearing.  (Reference is made to paragraph 1 of the Standard Discover Order (JA21) and Paragraph A of Defendant's Motion for Discovery).  JA28.

Defendant's counsel objected to the transcript being introduced into evidence .  The Court reserved its ruling, pronounced sentence on the Defendant and then the Court overruled the objection (JA177  and 178)

19

Obviously, the Standard Discovery Order and the Motion for Discovery entered on April 16, 2012 and May 23, 2012 respectively, contemplate production at least in a reasonable time in advance of trial so as to allow the Defendant the effective assistance of counsel as contemplated by the Sixth Amendment to the Constitution.

Though Defense counsel were required to travel to Charlotte to view what the government contended was the subject video, the Defense was not given the transcript of the audio to review and were not allowed a copy of the video for their own examination and comparison with the transcript which they did not know existed.

There was no excuse for the prosecution not to have provided the transcript to the defense. Defendant's attorney specifically called the un-timeliness of this discovery to the Court in his objection that was overruled. The result was to deprive the Defendant of effective assistance of counsel.

## ISSUE III - Prosecutorial Misconduct – Manufacture of Motive

### ARGUMENT

### STANDARD OF REVIEW:  ABUSE OF DISCRETION

The prosecution engaged in misconduct by misrepresenting testimony of the Government's own witness to the Court, thus manufacturing and subscribing sciente to the conduct of the Defendant enflaming the Court against the Defendant

when it came time to consider and weigh relevant sentencing factors. In response to the question propounded by the prosecutor,: "At some point, did the relationship between Mr. Hamby and Mrs. Tipton start slowing down or fizzle out, FBI Agent Wydra testified,    "It was shortly – according to Chad Hamby, it was shortly after he had received the videos of Deborah's daughter." (Emphasis Added, JA 111 and 112)

Notwithstanding the foregoing, the Prosecutor in contradiction of her own witness represented to the Court that: "She was losing him, him (Hamby) as well. So she used her daughter in a sick attempt to bring him back." (JA 146) Interestingly, the US Attorney further argued that Hamby's "statements to law enforcement is quite reliable . . . ." (JA 147).

If Hamby's statement to law enforcement was "quite reliable" then Wydra's testimony that the relationship started to slow down after receipt of the video makes a mockery of the Prosecutor's theory of motive. The Prosecutor falsely tried to portray the Defendant as a person who betrayed her daughter to keep from losing her relationship with Hamby.

An abuse of discretion occurs if a judge:

1. Fails to consider a relevant factor that should have received significant weight;

2. Gives significant weight to an improper or irrelevant factor; or

21

3. Considers the appropriate factors but in weighing those factors commits a clear error of judgment. (*Kern v. TXO Prod. Corp., 738 F. 2d 968 (8th Cir., (1984)*).  See also, *General Trucking Company v. Westmoreland Coal Company, 1992 U.S. App. LEXIS 30853 (4th Cir. (1992)); Westmoreland Coal Company v. Sharpe 692 F. 3d 317, 2012 U.S. App. LEXIS 17484;*

FBI Agent Wydra admitted that despite the FBI's extensive examination of all computers and photographs seized there were no images of minors engaged in elicit activity, no talk of fantasies involving minors, and no progression of fantasies involving minors instigated by Deborah Tipton (JA 124).

The attribution of such "scienter" against this Defendant as to a false motive concocted by the prosecutor obviously enflamed the Court against this Defendant and constitutes prosecutorial misconduct, triggering an abuse of discretion by the Court which gave an improper weight to such unsupported assertions by the prosecution.

**ISSUE IV - Prosecutorial Misconduct – Lack of Evidence**

**ARGUMENT**

**STANDARD OF REVIEW – ABUSE OF DISCRETION**

Even though 18 U.S.C. 2259 makes restitution mandatory, proximate

cause still needs to be shown between the crime and the injury. No evidence was introduced that "lifelong" harm was done to the minor child, in fact, all un-contradicted evidence of record indicated that no harm was caused to the minor child. Further, the prosecution falsely represented to the Court that the conduct of the Defendant took place over a seven year period which statement was patently false and demonstrates the over zealous tactics of the prosecution during the entire sentencing hearing. Such tactics violate the Due Process Clause of the Fifth Amendment to the Constitution.

The prosecutor makes statements to the Court one of which is simply not supported by any evidence and the other is clearly false. The prosecutor argued that "I know Your Honor recognizes the harm – the perpetual lifelong harm this is going to have to not only the victim, but her family."

Two experts, one hired by the husband, Joel Tipton, Polly Penland and one hired by the Defense, David Husted, M.D. (Psychiatrist), both were of the opinion that the subject child suffered no significant harm from any aspect of the video (JA 277 and 282) but suffered harm from the separation from her mother with whom she had a close loving relationship. Again the US Attorney pulls statements no where suggested by evidence out of the air. The only evidence supporting harm came from these experts who attributed no harm from any aspects of the acts described in the indictment.

In the prosecutor's argument to the Court this further misrepresentation was made:

> "Why did she do this?  Why did she initiate this?  Why did she film this? Why did she distribute it?  . . . She was willfully engaging in all of these behaviors over a seven year period.  That's what led her to betray the trust of her child."  (Emphasis added)"

Again the prosecutor pulled alleged facts out of the air.  There was absolutely no evidence that the Defendant had engaged "in all of these behaviors over a seven year period."  All of the evidence was that the crimes for which the Defendant pleaded guilty occurred on one occasion.  This was not any continuing criminal enterprise as the prosecution suggested to the Court.

Since at least *Napue v. Illinois, 360 U.S. 264 (1959)* the Supreme Court has held that although not soliciting false evidence, when a prosecutor allows false evidence to go uncorrected the conviction cannot stand.

In *United States of America v. Fisher, 711 F. 3d 460; 2013 U.S. App LEXIS 6465 2013)* a police officer after the Defendant's trial pleaded guilty to submitting a false affidavit.  The Court found that the officer's misrepresentation, which formed the eventual basis of Defendant's guilty plea, rendered the Defendant's plea involuntary and violated his due process rights.  Although this case is distinguished from *Fisher*, as the false statement was made by the prosecutor and

not the police, the result is the same as it undermines public confidence in the fair administration of criminal justice.

In *United States v. Young, 470 U.S. 1; 105 S. Ct. 1038; 84 L. Ed. 2d 1 (1985)* both the prosecutor and the defense attorney made improper statements to the jury without objection. The case turned on whether the "plain error" standard should be applied, absent an objection. In that case the Court held that it not only had to take into account the prosecutor's improper argument, but also the overall impact given defense counsel's improper conduct. In the words of the Court, "The issue is not the prosecutor's license to make otherwise improper arguments but whether his response taken in context unfairly prejudiced the Defendant". In the case at bar the prosecutor categorically stated that: "She was willfully engaging in ALL OF THESE BEHAVIORS OVER A SEVEN YEAR PERIOD. (Emphasis Added)" JA145. There was evidence that the Defendant had engaged in an affair for seven years BUT ABSOLUTELY NO EVIDENCE THAT SHE HAD ENGAGED IN THE CRIMINAL CONDUCT FOR WHICH SHE HAD PLEADED GUILTY OR ANY OTHER CRIMINAL CONDUCT, as represented to the Court by the prosecutor. Such a misrepresentation, it is submitted is plain error and enflamed the Court against the Defendant, particularly in light of the fact that the Court considered this case a production case. Such prosecutorial

25

misconduct is "a corruption of the truth seeking function of the trial process"
*United States v. Bagley, 473 U.S. 667; 105 S. Ct. 3375; 87 L. Ed. 2d 481(1985).*

In summary, these statements were made for the improper purpose of gaining a tactical advantage over the Defendant and are totally inconsistent with the prosecutors duty to obtain a fair sentence for the Defendant without using tactics which are or border on unethical conduct and thereby violates the Due Process Clause of the Fifth Amendment. *United States v. Lovasco, 431 U.S. 783 (1977).*

## ISSUE V - Evidence

The subject video was entered into evidence as Exhibit 1 over objection and with no foundation whatsoever being laid for its admission. JA178.

## STANDARD OF REVIEW: ABUSE OF DISCRETION

## ARGUMENT

In the case of *Johnny Lynn Old Chief v. United States, 519 U.S. 172; 117 S. Ct. 644; 136 L. Ed. 2d 574 (1977)* the Court was called upon to address the issue of whether prosecutorial misconduct had occurred when the prosecutor refused to enter into a tendered stipulation by the Defendant to the prior conviction element of the charge of possession of a firearm by anyone with a prior felony conviction. The prosecution refused to so stipulate and thereby made known to the jury that the prior conviction was for assault causing serious bodily injury. After a detailed

26

review of the various cases decided as to the operation of Rule 403 of the Federal Rules of Evidence, the Court reversed the conviction finding that the prosecutor's choice to place the official record into evidence thus making known to the jury the nature of the prior conviction violated Rule 403 when the prosecution could have just as easily satisfied this element of proof by offering to introduce a redacted version of the conviction. The Court did not find prosecutorial misconduct "per se" in *Old Chief, supra*. However, the conduct of the prosecutor in the case at bar goes far beyond the conduct of the prosecutor in *Old Chief*.

It is respectfully contended that the prosecutor's tactic to show the subject video to the Court in chambers while reading into evidence the transcript that was not delivered to the Defendant's attorney until the morning of the hearing, served no legitimate purpose in the case at bar, the Defendant having entered her guilty plea, but was simply another tactic to enflame the Court against the Defendant.

Prior to offering Exhibit "1", the subject video, the only questions asked to witness Wydra were:

"I'm going to show you what I previously marked as Government's Exhibit "1". Do you recognize that?"   "And is it a CD containing the videos that Mrs. Tipton sent to Mr. Hamby?"

The Defendant questions where did this CD come from? Who actually made the CD? Did the CD contain the exact internet transmission that someone

sent to Mr. Hamby or had it been edited before being placed on a CD? Was the

chain of custody a computer at the Tipton household to a server in California

(Cisco) and after 30 days transmitted to off premises electronic storage? What

version of the contents of this CD were actually transmitted that someone perhaps

selectively placed on a CD (Exhibit "1") ? What was the date and time of

transmission? Were both or either of the adult Tipton's home at the time of the

transmission? Why were none of these questions asked of Wydra?

It is respectfully submitted that the prosecutor engaged in misconduct by

offering into evidence a CD that she knew could not be authenticated.

Both mother and daughter said that the video had been deleted. Who in the

Tipton household had the expertise to recover the subject video from unallocated

space or temporary storage? Was the entire video recovered? Was the entire audio

recovered?

It appears suspect that a person who Wydra claimed was engrossed in sexual

fantasies about children, when Wydra admitted communications including the

contents of the subject video could be found on none of the multiple computers and

other devices seized from the Tipton home, The Mountain Community School or

the Hamby home.

28

These are troubling questions to which the government had no answers and was therefore unable to lay a proper foundation for the admission of Exhibits 1 & 1A to which objection was made (JA145.)

## ISSUE VI - SENTENCE

### ARGUMENT

### STANDARD OF REVIEW: ABUSE OF DISCRETION

The  actions of the prosecution caused the  Court to abuse its discretion by completely ignoring the following findings  "103" by the Probation Officer in his Amended Presentence Report of July 30, 2013, after making the following determination in its sentencing Order:

The Defendant  presented evidence in favor of a departure from the statutory advisory guidelines under each of the following categories: (a) nature and circumstances of the offense, *Rita v. United States, 127 S. Ct. 2463(2007);*  (b) the history and characteristics of the Defendant,  *United States v. Autery, 555 F. 3d 864 (9th Cir. 2009), United States v. Huckins, 529 F. 3d 1312 (10th Cir. 2008), United States v. Pugh, 515 F. 3d 1179 (11 Cir. 2008);* (c) the need for the mother in the home – harm to minor, family circumstances,  *United States v. Schroeder, 536 F. 3d 746 (7th Cir. 2008), United States v. Munoz-Nava, 514 F. 3d 1127 (10th Cir. 2008), Reed v. Olson, 2012 N.C. App. LEXIS 1336 (December 4, 2012);* (d) disparity in sentencing, *United States v. Conaster, 514 F. Ed 508, 521 (6th Cir.*

*2008);* (e) need to provide just punishment for the offense, *United States v.*

*Anderson, 533 F. 3d 623 (8ᵗʰ Cir. 2008)*(f) support from family and personal

qualities, *United States v. Ranum, 353 F. Supp. 2d 984, 986 (E.D. Wisc. 2005),* and

(g) selective and discriminatory prosecution; (h) length of time before defendant

committed her first crime and improbability of recidivism, *United States v. Ward,*

*814 F. Supp. 23 (E.D. Va. 1993), United States v. Eberhard, 2005 U.S. Dis. LEXIS*

*11273 (2005), United States v. Coleman, 370 F. Supp. 2d 661 (S.D. Ohio, 2005).*

The Defendant presented evidence supporting each of these factors, which

evidence was un-contradicted by any evidence presented by the prosecution. .

Notwithstanding the foregoing, the Court overruled each objection to the findings

and other legal conclusions contained in the Presentence Report (JA96). Despite

the mandate in *Gall v. United States, 552 U.S. 38; 128 s. Ct. 586; 169 L. Ed. 2d 445*

*(2007),* the Court ignored these mitigating factors. The Guidelines are not the only

consideration, however. Accordingly, after giving both parties an opportunity to

argue for whatever sentence they deem appropriate, the district judge should then

consider all of the 3553(a) factors to determine whether they support the sentence

requested by the party. In so doing, he may not presume that the Guidelines are

reasonable. Apparently the court was influenced by the improper conduct of the

prosecution set out above. By sentencing this Defendant to 18 years in prison

while sentencing the co-defendant, the person who requested the video after its

30

creation in the first place and who though a principal of a grammar school was an admitted pedophile, to only 51 months, the Court's action amounts to executing the "Indian" while giving the "Chief" a slap on the wrist.

## CONCLUSION AND REQUEST FOR RELIEF

The sentence imposed upon the Defendant should not be allowed to stand given the errors and prosecutorial misconduct set out above. The Defendant should be allowed a new sentencing hearing under the plea agreement with another Judge presiding with instructions to the prosecution to limit its evidence to evidence directly supporting the charges for which the Defendant plead guilty and not to charges for which the Defendant did not plead guilty nor was found guilty.

The rationale for such remand is discussed in the Fourth Circuit case of *United States of America v. Horton, 693 F. 3d 463; 2012 U.S. App. LEXIS 18423.*

Respectfully Submitted,

/s/ Frank B. Jackson
Pro-Bono Attorney for
Deborah Lee Tipton
Frank B. Jackson
F.B. Jackson and Associates
    Law Firm, PLLC
422 North Church Street
Hendersonville, NC  28792
828-697-5410

31

UNITED STATES COURT OF APPEALS
FOR THE FOUTH CIRCUIT

No. <u>13-4737</u>              **Caption:** <u>United Stated v. Deborah Lee Tipton</u>

**CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)**
Certificated of Compliance with Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1.  This brief complies with the type-volume limitation of Federal R. App. P.
    28.1(e)(2) or 31(a)(7)(B) because:

    *[Appellant's Opening Brief, Appellee's Response Brief, and Appellant's
    Response/Reply Brief may not exceed 14,000 words or 1,300 lines; Appellee's
    Opening/Response Brief may not exceed 16,400 words or 1,500 lines; any
    Reply or Amicus Brief may not exceed 7,000 words or 650 lines; line count may
    be used only with monospaced type]*

    <u>X</u>      this brief contains 7,286 words, excluding the parts of the brief
             exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

    _        this brief uses a monospaced typeface and contains _____ lines of
             text, excluding the parts of the brief exempted by Fed. R. App. P.
             32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P.
    32(a)(7)(B)(iii) because:

    *[14 point font must be used with proportional typeface, such as Times New
    Roman or CG Times; 12 point font must be used with monospaced typeface,
    such as Courier or Courier New]*

    <u>X</u>      this brief has been prepared in a proportionally spaced typeface using
             <u>Microsoft Word 2013</u> in <u>Times New Roman, 14 Point</u>; or

    _        this brief has been prepared in a monospaced typefaced using_____
             with _____.

<u>(s) Frank B. Jackson</u>
<u>Pro-Bono Attorney for Deborah Lee Tipton</u>
<u>Dated:  2/3/2014</u>

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 2-5-14 the foregoing

document was served on all parties or their

counsel of record through the CM/ECF

system.


\_\_\_\_ /s/_____          February 5, 2014
Frank S. Jackson
Pro Bono counsel for appellant